# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.P.**[1]

**No. 18-0662** (Barbour County 17-JA-56)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.C., by counsel Aaron P. Yoho, appeals the Circuit Court of Barbour County's June 18, 2018, order terminating her parental rights to A.P.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Terri L. Tichenor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, the DHHR filed a petition alleging that the maternal grandmother exposed the child to domestic violence and physically abused another child in her care.[3] Later, the DHHR amended the petition to include allegations that petitioner's parental rights were previously involuntarily terminated to another child and that she abandoned A.P. when he was placed in the legal guardianship of the grandmother four years earlier. According to the DHHR,

---

[1]This appeal was originally captioned *In re D.D. and A.P.* However, in her brief on appeal, petitioner admits that her parental rights to D.D. were terminated as a result of a prior proceeding and, therefore, this decision does not address her parental rights to that child.

[2]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[3]The grandmother was the legal guardian of A.P. when the petition was filed.

petitioner's prior involuntary termination was due to her substance abuse and homelessness. Further, the DHHR alleged that petitioner failed to protect the children from abuse by the grandmother. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in September of 2018. During that hearing, petitioner stipulated that she had a history of substance abuse and that she should not have allowed the grandmother to take custody of the child. Additionally, petitioner testified that she was a victim of domestic violence by the grandmother. Petitioner also corroborated prior testimony from her older sister, which detailed further abuse by the grandmother when they were minor children. The grandmother testified that since she was granted guardianship of A.P., petitioner did not exercise her visitation. Ultimately, the circuit court found that petitioner abandoned the child and adjudicated her as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, and the circuit court denied that motion.

The circuit court held dispositional hearings in November of 2017 and March of 2018. Petitioner did not appear for either hearing, but was represented by counsel. The circuit court found that petitioner failed to appear for the proceedings and that she had not participated in any way, except for contact with A.P. Ultimately, the circuit court concluded that due to her failure to participate in the proceedings, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court also found that it was in the best interests of the child to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights in its June 18, 2018, order. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

_____

[4]The child's father is believed to be deceased. According to the parties, the permanency plan for the child is adoption in his current foster placement.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. In her argument, petitioner relies entirely on the grandmother's testimony, which laid the foundation for the circuit court's finding of abandonment. Petitioner asserts that the circuit court clearly erred in relying on this testimony when the circuit court also found that the grandmother's testimony about the physical abuse in the home was not credible. We do not find petitioner's argument persuasive. First, we have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Further, the grandmother's denial of physical abuse was contradicted by the children's forensic interviews and other witness testimony. Although petitioner testified regarding her contact with the child, she did not present any other evidence to discredit the grandmother's testimony regarding her abandonment of the child. Therefore, we do not find that the circuit court was erroneous in assessing the grandmother's credibility and weighing the evidence presented.

Further, the record clearly supports a findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(4) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] abandoned the child." Here, the circuit court found that petitioner abandoned the child. Additionally, petitioner ended her participation in the proceeding following the adjudicatory hearing, which further emphasizes the abandonment. Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Following its finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that it was in the best interest of the child to terminate her parental rights, the circuit court was permitted to terminate her parental rights without the use of a less-restrictive dispositional alternative. Petitioner requests that the child be returned to her home under the supervision of the department, but the record is devoid of any evidence that the child's best interests would be served through that disposition. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 18, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment